# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　Plaintiff, )<br>　vs.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>JOEL K. PARKER, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendant. )<br>　　　　　　　　　　　　　　　　　　) | Case No.: 2:06-cr-00109-GMN-LRL-1<br><br>**ORDER** |

　　　Pending before the Court is Defendant Joel Parker's ("Defendant's") Motion for Relief from Judgment, (ECF No. 193).[1]  The Government filed a Response, (ECF No. 196), to which Defendant filed a Reply, (ECF No. 198).

　　　Also pending before the Court is Defendant's Motion to Extend Time to Reply, (ECF No. 197).[2]  The Government did not file a Response.

　　　For the reasons discussed below, the Court **DENIES** Defendant's Motion for Relief from Judgment and **GRANTS** *nunc pro tunc* Defendant's Motion to Extend Time to Reply.

**I.　BACKGROUND**

　　　On June 30, 2010, a jury convicted Defendant of two counts of assault of an officer in violation of Title 18, United States Code Sections 111(a) and (b). (Jury Verdict, ECF No. 150).

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).  However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[2] Given that Defendant later filed his Reply to his Motion for Relief from Judgment, the Court grants Defendant's Motion to Extend Time *nunc pro tunc*.

1  In October 2010, the Honorable Philip M. Pro sentenced Defendant to 180-months custody as
2  to Count One and 12-months custody as to Count Two, to run concurrent to each other and
3  consecutive to Defendant's underlying state case. (*See* J., ECF No. 160).

4  Defendant appealed the judgment of conviction; however, the Ninth Circuit ultimately
5  affirmed the Court's judgment. (*See* Mandate of USCA, ECF No. 178).  In January 2013,
6  Defendant filed a Motion to Vacate under 28 U.S.C. § 2255, which the Court denied. (*See*
7  Order Denying Mot. Vacate, ECF No. 184).  Defendant appealed again, and the Ninth Circuit
8  affirmed the denial of Defendant's 2255 Motion and subsequently denied Defendant's request
9  for a certificate of appealability. (*See* Order on Mandate, ECF No. 192).  Defendant then filed
10 the instant Motion for Relief from Judgment Pursuant to Rule 60(b). (Mot. Relief from Final J.,
11 ECF No. 193).

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).  "A petitioner is generally limited to one motion under § 2255, and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h*).*" *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quotations omitted).  "This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id*. (quoting § 2255(h)).

//

//

## III. DISCUSSION

Defendant requests relief from his final judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). (*See generally* Mot. Relief, ECF No. 193).  Specifically, Defendant requests the Court "reopen his federal habeas corpus proceeding as under 28 U.S.C.S. § 2255" because the Court failed to decide five original claims under his original § 2255 Motion. (*Id*. at 1–2).  In response, the Government argues that Defendant's motion should be denied because the motion is, in effect, a successive Section 2255 motion filed without authorization from the Ninth Circuit. (Resp. to Mot. Relief 1:18–20, ECF No. 196).

A defendant "may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under" Section 2255. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S. Ct. 2641, 162 L. Ed. 2d 480).  However, "[i]f the alleged Rule 60(b) motion asserts some 'defect in the integrity of the federal habeas proceedings,' it is a legitimate Rule 60(b) motion." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 531).  Examples of defects in the federal habeas proceedings include omission of a claim of constitutional error, newly discovered evidence, or a subsequent change in substantive law that justifies relief from the previous denial of the claim. *See Gonzalez*, 54 U.S. at 531.

Here, Defendant seeks to file a successive Section 2255 Motion without authorization from the Ninth Circuit. (*See* Mot. Relief at 1).  In September 2013, the Ninth Circuit previously denied Defendant's request for Defendant's request for a certificate of appealability. (*See* Order on Mandate, ECF No. 192).  Without a certificate of appealability, the Court cannot consider Defendant's second or successive Section 2255 Motion. *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)) ("A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate

authorizing the district court to do so."). Furthermore, the Court does not find a "defect in the integrity of the federal habeas proceeding." *See Gonzalez*, 54 U.S. at 531. Defendant concedes, in his Reply, that he raises no new claims and does not allege any newly discovered evidence of any kind. (*See* Reply to Mot. Relief at 5, ECF No. 198). Though displeased with the outcome of his original 2255 Motion, Defendant fails to provide any legal justification for this Court to reconsider its judgment. The Court accordingly denies Defendant's Motion for Relief from Judgment.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Relief from Judgment, (ECF No. 193) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Time to Reply, (ECF No. 197) is **GRANTED** *nunc pro tunc*.

**DATED** this __21__ day of October, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT