UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>         Plaintiff, ) <br>   vs. ) <br> ) <br> JOEL K. PARKER, ) <br> ) <br>         Defendant. ) <br> ) | Case No.: 2:06-cr-00109-GMN-LRL-1 <br><br> **ORDER** |

      Pending before the Court is Defendant Joel Parker's ("Defendant's") Motion to Extend Time to Reply, (ECF No. 203) and Second Motion to Extend Time to Reply, (ECF No. 204).[1] For the reasons discussed below, the Court **DENIES** Defendant's Motions to Extend Time to Reply

      Defendant, in both motions, requests an extension to file a response to the Court's prior Order denying Defendant's Motion for Reconsideration, (ECF No. 199). (*See* Mot. Extend Time Reply, ECF No. 203); (Second Mot. Extend Time Reply, ECF No. 204). Specifically, Defendant seeks an extension to file a Motion to Amend Judgment under Federal Rule of Civil Procedure 59(e). (*See id*). Under Rule 59 (e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See* Fed. R. Civ. Pro. 59(e). The Federal Rules of Civil Procedure additionally state that "[a] court must not extend the time to

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

act under Rule [59(e)]." *See* Fed. R. Civ. Pro 6(b)(2). Here, the Honorable Philip M. Pro sentenced Defendant over ten years ago—in October 2010. (*See* J., ECF No. 160). Defendant's Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) is thus untimely. Pursuant to FRCP 6(b)(2), an extension is improper. Indeed, Defendant fails to provide any caselaw or support justifying an extension under Federal Rule of Civil Procedure 59(e).

Even if the Court considered extending the deadline to file a Motion to Amend Judgment, the Ninth Circuit already denied Defendant's request for a certificate of appealability. "A second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). Here, Defendant is again attacking the merits of the Court's previous decision concerning his 2255 petition. Defendant explicitly states that he "intends to file a *motion for reconsideration* as under Federal Rule [of] Civil Procedure Rule 59(e) to which is; Motion to Alter or Amend a Judgment." (*See* Mot. Extend Time Reply at 1) (emphasis added). As the Court stated in its Order denying Defendant's Motion for Reconsideration under Rule 60(b), "[w]ithout a certificate of appealability, the Court cannot consider Defendant's second or successive Section 2255 Motion." (Order Denying Mot. Reconsideration 3:20–22, ECF No. 199).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Time to Reply, (ECF No. 203), and Defendant's Second Motion to Extend Time to Reply, (ECF No. 204), are **DENIED**.

DATED this __25__ day of May, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT