UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Case No.: 2:06-cr-00109-GMN-LRL-1 |
| vs. | ) | |
| | ) | **ORDER** |
| JOEL K. PARKER, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

Pending before the Court is Petitioner Joel Parker's ("Petitioner's") Motion for Certificate of Appealability and Notice of Appeal, (ECF No. 206).[1] The Government filed a Response, (ECF No. 207), to which Petitioner filed a Reply, (ECF No. 210).

For the reasons discussed below, the Court **DENIES** Petitioner's Motion for Certificate of Appealability.

**I.    BACKGROUND**

On June 30, 2010, a jury convicted Petitioner of two counts of assault of an officer in violation of Title 18, United States Code Sections 111(a) and (b). (Jury Verdict, ECF No. 150); (*see* Indictment, ECF No. 1).  In October 2010, the Honorable Philip M. Pro sentenced Petitioner to 180-months custody as to Count One and 12-months custody as to Count Two, to run concurrent to each other and consecutive to Petitioner's underlying state case. (*See* J., ECF No. 160).

---

[1] The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Petitioner appealed the judgment of conviction, but the Ninth Circuit ultimately affirmed the Court's judgment. (*See* Mandate of USCA, ECF No. 178).  In January 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, which the Court denied. (*See* Order Denying Mot. Vacate, ECF No. 184).  Petitioner appealed again, and the Ninth Circuit affirmed the denial of Defendant's 2255 Motion and subsequently denied Petitioner's request for a certificate of appealability. (*See* Order on Mandate, ECF No. 192).  Almost eight years later, Petitioner filed a Motion for Relief from Judgment under Rule 60(b), which this Court denied because the Court found that the Motion was "a successive Section 2255 Motion without authorization from the Ninth Circuit." (Order Denying Mot. for Relief from J., ECF No. 199).  Nine months later, Petitioner filed the instant Motion for Certificate of Appealability and Notice of Appeal. (Mot. for Certificate of Appealability, ECF No. 206).

## II.  LEGAL STANDARD

Before a petitioner may appeal an order on a § 2255 motion, the petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* § 2253(c)(2).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

"Section 2255 proceedings are governed by procedural rules developed by the Supreme Court and adopted by Congress," which "set the time for the losing party to appeal from the district court's disposition of § 2255 motions." *Kingsbury v. United States*, 900 F.3d 1147, 1149 (9th Cir. 2018); *see* Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Rule 11(b) of these rules states the following: "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A

timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under Federal Rule of Appellate Procedure 4(a), if one of the parties is the United States, "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(B)(i).

### III. DISCUSSION

Petitioner seeks to appeal from this Court's Order denying his Motion for Relief from Judgment, which was entered on October 21, 2021. (*See* Order Denying Mot. for Relief from J., ECF No. 199). In denying Petitioner's Motion for Relief from Judgment, this Court found that the Motion was "a successive Section 2255 Motion without authorization from the Ninth Circuit." (*Id.*). Accordingly, the Rules Governing Section 2255 Proceedings apply, and Petitioner had sixty days from the entry of the order appealed from to file a notice of appeal. *See* Rule 11(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a)(B)(i). Petitioner did not file the instant Motion and Notice of Appeal until July 11, 2022, 263 days later. (*See* Mot. for Certificate of Appealability and Notice of Appeal, ECF No. 206). As a result, the Court finds the Notice of Appeal untimely.

Moreover, the Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that the issue does not meet that standard. Thus, even if the Notice of Appeal were timely, the Court would still deny Petitioner a certificate of appealability on the merits.

///
///
///
///
///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Certificate of Appealability, (ECF No. 206) is **DENIED**.

**DATED** this __9__ day of November, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT